Filed 9/20/23  P. v. Ware CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B326925 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA220696) |
| v. | |
| JOSEPH WARE, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal; Joseph Ware, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Joseph Ware was found guilty following a jury trial in 2002 on two counts of attempted murder of a peace officer (Pen. Code, §§ 187, subd. (a), 664, subd. (e))[1] and two counts of assault with a semiautomatic firearm on a peace officer (§ 245, subd. (d)(2)) with true findings that Ware had personally and intentionally discharged a firearm in committing the offenses (§ 12022.53, subd. (c)). The jury found not true the allegation the attempted murders were committed willfully, deliberately and with premeditation. We affirmed Ware's convictions on direct appeal. (*People v. Ware* (Aug. 25, 2004, B167166) [nonpub. opn.].)

On November 17, 2022 the superior court denied Ware's petition for resentencing under section 1172.6 (former section 1170.95) without issuing an order to show cause, ruling Ware was ineligible for relief as a matter of law because Ware had been tried and convicted as the actual shooter and the jury had not been instructed on the natural and probable consequences doctrine or any other theory under which malice could have been imputed to him.

No arguable issues have been identified following review of the record by Ware's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Ware in his supplemental brief. We affirm.

## FACTUAL BACKGROUND

1. *Ware's Conviction for Attempted Murder*

The People's evidence at Ware's trial was that Ware, a guest at a barbecue being held in the back parking lot of an apartment complex where his mother and sister lived, was asked

---

[1] Statutory references are to this code.

by another guest, 16-year-old Tyrone Patterson, to drive him to a store to purchase more paper plates for the party. Ware agreed and was driving on Crenshaw Boulevard in a grey 1985 Oldsmobile Cutlass toward the store at approximately 9:00 p.m. when two Los Angeles police officers in a marked police car noticed the Oldsmobile being driven without its headlights on. The officers positioned their car behind the Oldsmobile, activated the patrol car lights and chirped the siren to alert the driver to pull over. Ware pulled a gun from underneath the driver's seat and entered a gas station where he slowed the car and told Patterson to take the gun and run from the car. When Patterson refused to leave the car with the gun, Ware accelerated the car and led the officers on a pursuit. At various points during the chase Ware and the officers fired shots at each other. Ware ultimately abandoned the car and fled. He was subsequently found in one of the units in the apartment complex and arrested. One of the officers identified Ware at trial as the shooter.

Ware's alibi (mistaken identity) defense included testimony from the barbecue host, who said he had not asked anyone to go to the store to buy additional paper plates. Ware's fiancée testified the Oldsmobile was her car; she wanted to go to the fish market during the barbecue and intended to drive herself; Patterson and another resident from the apartment complex were sitting in the car as she got in and put her key in the ignition; after she was offered and accepted a ride to the market from a friend, she inadvertently left her keys in the car's ignition; and, when she left for the market, Ware was upstairs in another apartment playing video games.

3

On appeal we rejected Ware's contention there was no substantial evidence to support the jury's finding that he was the person who shot at the police officers or, even if he was the shooter, that he acted with the intent to kill required for an attempted murder conviction. (*People v. Ware*, *supra*, B167166.)

2. *Ware's Petition for Resentencing*

On July 14, 2022 Ware, representing himself, filed a form petition for resentencing pursuant to section 1172.6 and requested the appointment of counsel. On September 21, 2022 the court appointed counsel for Ware, stated it was prepared to deny the petition as a matter of law because Ware was the actual shooter who had fired at the police officers, and offered newly appointed counsel and the prosecutor the opportunity to look at the file and "to submit and/or augment the record with whatever they'd like to, to try to controvert whatever the court is going to do." The court set what it identified as a status conference for November 17, 2022.

At the hearing on November 17, 2022, in response to the court's question whether she had anything to add with respect to the court's tentative ruling, Ware's counsel stated she had not seen any material from the case other than Ware's initial petition and, in particular, had not seen any of the trial transcripts including the jury instructions. The court replied, "Well, I denied it as a matter of law based on the circumstances." Elaborating, the court stated, "[Ware] was the actual shooter, fired at police officers, law enforcement. He was the actual shooter and the actual perpetrator in this, and the jury found true the discharge pursuant to 12022.53(d) [*sic*]. There were no natural and probable consequences instructions or any other instructions that could impute intent or malice on Mr. Ware. And so you can object

4

for the record, counsel for Mr. Ware, but the court is denying this as a matter of law."

Ware filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Ware on appeal from the denial of his postjudgment petition. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Ware on August 15, 2023 that he was filing a brief stating he was unable to find arguable issues and that Ware could personally submit any contentions he believed the court should consider.

On August 28, 2023 we received a 10-page handwritten supplemental brief from Ware in which he argued the resentencing hearing was unfair and he received ineffective assistance of counsel because the court's decision to deny his petition was made before his appointed counsel had an opportunity to review any material from his 2002 trial. Ware also asserted the superior court had impermissibly made factual findings at the prima facie stage of the resentencing process and his youth at the time of the offenses should have been considered in evaluating his culpability. Finally, Ware contends his appellate counsel was ineffective for not raising any of these issues.

We agree the superior court erred in ruling Ware had not made a prima facie showing he was entitled to relief without first requiring the prosecutor to serve a response to Ware's petition and giving Ware's appointed counsel an opportunity to file a reply—an opportunity that would be meaningless if Ware's counsel was not first provided access to materials from the 2002 trial. Section 1172.6, subdivision (c), expressly requires as much,

5

notwithstanding the court's apparently strong belief that its understanding of the case was correct.  But the error was harmless here.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 944 ["a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing"'"]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [error in not appointing counsel at the prima facie stage of a section 1172.6 proceeding is necessarily harmless if the record of conviction shows as a matter of law that the petitioner was convicted under a theory of murder that remains valid today].)

At the request of Ware's appointed appellate counsel, this court augmented the (exceedingly thin) record on appeal to include the record filed in Ware's direct appeal, which included the jury instructions given in 2002 and the verdict forms.  Our review of those instructions confirms the superior court's statement that no instructions were given on the natural and probable consequences doctrine or any other theory under which malice could be imputed to Ware.  In fact, no aiding and abetting instruction of any sort was given at the trial.  To the contrary, the jury was expressly instructed that to convict Ware of attempted murder it had to find that he "harbored express malice aforethought, namely a specific intent to kill unlawfully another human being."  Thus, the guilty verdicts necessarily rested on the jury finding (challenged on appeal for insufficient evidence and affirmed by his court) that Ware acted with the intent to kill when shooting at the police officers.

For the same reason—that is, the record of conviction establishes Ware's ineligibility for resentencing as a matter of law—Ware's contention the superior court engaged in impermissible factfinding lacks any merit. And Ware's youth at the time of the attempted murders, while arguably pertinent to murder charges based on the felony-murder rule or aiding an implied malice murder, is irrelevant in assessing his guilt for attempted murder, which requires proof of express malice.

Because no cognizable legal issues have been raised by Ware's appellate counsel or by Ware or identified in our independent review of the record, the order denying his petition for resentencing is affirmed. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

7